UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-60867-CIV-COHN/SELTZER

FLORIDA PEDIATRIC CRITICAL CARE,
P.A.,

          Plaintiff,

vs.

VISTA HEALTHPLAN OF SOUTH FLORIDA,
INC.,

          Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Vista Healthplan of South Florida, Inc.'s Motion to Dismiss Plaintiff's Complaint [DE 9] ("Motion to Dismiss") and Defendant Vista Healthplan of South Florida, Inc.'s Motion to Strike Claim for Attorney Fees [DE 8] ("Motion to Strike"). The Court has carefully reviewed the Complaint [DE 1, Exhibit A], Motion to Dismiss, Motion to Strike, Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss and Motion to Strike Claim for Attorney's Fees [DE 18] ("Opposition"), Defendant's Reply Memorandum in Support of Its Motion to Dismiss [DE 26] ("Reply"), Order to Show Cause [DE 30], Response to August 26, 2009 Order to Show Cause [DE 31] ("Response to Order to Show Cause") and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff Florida Pediatric Critical Care, P.A. ("Plaintiff") is a health care provider doing business in Florida. Defendant Vista Healthplan of South Florida, Inc. ("Defendant") is a health maintenance organization registered as a Florida corporation.

On May 8, 2009, Plaintiff filed a complaint against Defendant in the Circuit Court

in and for Broward County, Florida.  The Complaint alleges that Plaintiff provided health care services to thirty-two patients (collectively "Patients"), each of which had health insurance policies issued by Defendant ("Insurance Plans").  Each Patient executed an Assignment of Rights which provided Plaintiff with the right to receive payment under the Insurance Plans.

The Complaint further alleges that Defendant owes Plaintiff $90,888.88 for the health care services that Plaintiff provided to the thirty-two Patients.  Consequently, Plaintiff's complaint includes the following causes of action: 1) Breach of Contract; 2) Third Party Beneficiary Contract; 3) Promissory Estoppel; 4) Open Account; 5) Quantum Meruit; and 6) Declaratory Relief.  All six counts are predicated upon Defendant's failure to pay Plaintiff pursuant to the Insurance Plans.

On June 10, 2009, Defendant removed the case alleging federal jurisdiction.  See DE 1.  The Notice of Removal stated that "most of the [Patients] had coverage with [Defendant] for payment of medical care, treatment and supplies through agreements between [Defendant] and their respective employers."  Notice of Removal at ¶ 5.  Therefore, Defendant contends, several of the Patients were enrolled in plans governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et. seq. ("ERISA").

The Notice of Removal, however, did not identify which of the Patients, or even how many Patients, have Insurance Plans subject to ERISA.  Moreover, the Notice of Removal contained no affidavits, copies of insurance contracts, or any other evidence in support of Defendant's claim that most of the Patients had coverage with Defendant through agreements between Defendant and the Patients' respective employers.

Consequently, the Court entered an Order to Show Cause [DE 30], directing Defendant to show cause why the Court should not remand the case to state court for lack of subject matter jurisdiction.

Defendant, in its Response to the Order to Show Cause, attached an affidavit from Catherine Aguirre, a Vice President of Account Management at Vista Healthplan of South Florida, Inc. [DE 31-2] ("Affidavit").  The Affidavit avers that at least thirteen of the Patients are covered by employee benefit welfare plans sponsored by private employers.  Such plans are covered by ERISA.  29 U.S.C. § 1002(1).

Because Plaintiff has alleged it is the assignee of medical benefits provided by a plan governed by ERISA, Plaintiff is a "beneficiary" or "participant" of the ERISA-governed plans.  Hobbs v. Blue Cross Blue Shield of Ala., 276 F.3d 1236, 1241 (11th Cir. 2001).  Thus, Plaintiff's claims raise a federal question and thereby provide this Court with subject matter jurisdiction.

## II. DISCUSSION

In its Motion to Dismiss, Defendant argues that ERISA preempts Plaintiff's claims for failure to pay benefits under the Insurance Plans provided by the Patients' respective employers.  Defendant further argues that once the Court dismisses Plaintiff's claims preempted by ERISA, the Court no longer has jurisdiction to hear the state law claims.

### A. Motion to Dismiss Standard

The Court should grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) where, based upon a dispositive issue of law, the factual allegations

of the complaint cannot support the asserted cause of action.  Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006).  Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1940 (2009) (quoting Twombly, 550 U.S. at 555).

Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor.  Twombly, 550 U.S. at 555.  Accordingly, a well-pleaded complaint will survive a motion to dismiss "'even if it appears that a recovery is very remote and unlikely.'"  Id. at 556 (citation omitted).

In the ERISA context, however, the Court may look beyond Plaintiff's complaint to determine whether ERISA governs the Patients' Insurance Plans.  Miami Children's Hosp., Inc. v. Kaiser Found. Health Plan, Inc., 2009 WL 1532125, at *4 (S.D. Fla. May 29, 2009); see also Metropolitan Life Ins. Co. v. Taylor,  481 U.S. 58, 66-67 (1987).  The analysis focuses on the nature of the plan in question.  Miami Children's Hosp., at *4.  In light of these standards, the Court will determine whether Plaintiff's Complaint alleges facts sufficient to survive Defendant's Motion to Dismiss.

### B. Several of Plaintiff's State Law Claims Are Preempted by ERISA

#### 1. Several of Plaintiff's State Law Claims Are Completely Preempted by ERISA

When a claim, though couched in the language of state law, implicates an area of federal law for which Congress intended a particularly powerful preemptive sweep, the cause is deemed federal no matter how pleaded.  See Met. Life Ins. Co. v. Taylor,

4

481 U.S. 58, 63-64 (1987).  This exception to the well-pleaded complaint rule is called "complete preemption."  See id.  ERISA, for example, may completely preempt state law causes of action.  See id.

To establish complete preemption in the present case, Defendant must show that the state law causes of action fall within the scope of ERISA § 502(a).  See Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 56 (1987).  ERISA § 502(a) provides a cause of action by a participant or beneficiary "to recover benefits due . . . under the terms of the plan, to enforce . . . rights under the terms of the plan, or to clarify . . . rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).  It therefore follows that state law suits that allege the improper denial of a claim for benefits under an ERISA-covered plan fall within the scope of ERISA § 502(a).  See Pilot Life Ins. Co., 481 U.S. at 56.  We must therefore look beyond the face of the complaint "to determine whether the real nature of the claim is federal, regardless of plaintiff's [state law] characterization."  See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 397 n.2 (1981) (citation omitted).

The Eleventh Circuit Court of Appeals has established that four factors must be present for ERISA to preempt a state law claim: 1) a relevant ERISA plan must be implicated; 2) the plaintiff must have standing to sue under the plan; 3) the defendant must be an ERISA entity; and 4) the complaint seeks relief akin to what is available under ERISA ("the Butero Test").  Butero v. Royal Life Maccabees Life Ins. Co., 174 F.3d 1207, 1212 (11th Cir. 1999).

As to the first factor, that a relevant ERISA plan must be implicated, ERISA plans include "employee welfare benefit plans."  29 U.S.C. § 1002(1).  ERISA defines such

5

plans as

> any plan, fund or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death, or unemployment.

29 U.S.C. § 1002(1). Defendant, in its Notice of Removal, alleged that several of the Patients obtained their Insurance Plans as benefits obtained from their employers.[1] Defendant then submitted an affidavit to the Court indicating that at least thirteen of the Patients have Insurance Plans sponsored by their private employers. Consequently, the Court is satisfied that at least some of the Insurance Plans are ERISA plans. Defendant has satisfied the first factor of the Butero Test.

As to the second factor, whether Plaintiff has standing to sue, ERISA Section 502(a) provides for preemption only in suits for benefits among ERISA entities. See Pilot Life Ins. Co., 481 U.S. at 54 ("The policy choices reflected in the inclusion of certain remedies and the exclusion of others . . . would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA."). The only parties with standing to sue under ERISA are those listed in the civil enforcement provision of ERISA, codified at 29 U.S.C. § 1132(a)(1)(B). Thus, to have standing, a plaintiff must be either a "participant" or a "beneficiary" of the ERISA plan. Hobbs v. Blue Cross Blue Shield of Ala., 276 F.3d

---

[1] Plaintiff has not suggested otherwise. To the contrary, in its Opposition, Plaintiff "stipulates that as a general rule claims relating to ERISA plans are preempted by federal law and that this case marginally, indirectly relates to any ERISA based patient accounts included in the list of accounts included herein." Opposition at 4.

1236, 1241 (11th Cir. 2001).

Generally, healthcare providers like Plaintiff lack independent standing under ERISA's statutory scheme because they are not ordinarily considered "beneficiaries" or "participants." See Cagle v. Bruner, 112 F.3d 1510, 1514 (11th Cir. 1997). They can, however, acquire derivative standing when they receive assignments of benefits from beneficiaries or participants of an ERISA plan. Id. (holding that healthcare provider had derivative standing to bring an action against an ERISA plan insurance fund where the record showed that the provider had been assigned the right to payment of medical benefits). Therefore, whether complete preemption applies is largely a function of whether an existing assignment entitles the provider to have standing under ERISA In re Managed Care Litig., 298 F. Supp. 2d at 1290.

Here, Plaintiff does not dispute that it possesses valid assignments from Patients. Indeed, Plaintiff alleges as much in its Complaint. Consequently, Plaintiff possesses derivative standing and Defendant has satisfied the second factor of the Butero Test.

The third factor, whether the Defendant is an ERISA entity, turns on whether Defendant is able to control the payment of benefits and the determination of Plaintiff's rights under the plan. See Butero, 174 F.3d at 1213. Here, the very suit is premised upon Defendant's decision not to pay benefits to Plaintiff. Defendant has satisfied the third factor.

The fourth factor of the Butero Test requires the Defendant to demonstrate that the Complaint seeks relief akin to what is available under ERISA. Because Plaintiff seeks payment for amounts due under the Insurance Plans, Plaintiff seeks relief akin to

7

what is available under ERISA.  <u>See id.</u>  Thus, the Defendant has demonstrated that all four <u>Butero</u> factors have been met.  Plaintiff's claims, to the extent they are predicated on Insurance Plans sponsored by employers, are completely preempted by ERISA.

### 2. Some of Plaintiff's Claims Are Defensively Preempted by ERISA

ERISA also contains a defensive preemption provision.  29 U.S.C. § 1144(a).[2] The provision makes clear that if a state law claim "relates to" an employee benefit plan like the Insurance Plans, then ERISA preempts the state law claim.  <u>See id.</u>  A law "relates to" an employee benefit plan when the state law has a "connection with or reference to such a plan."  <u>Ingersoll-Rand Co. v. McClendon</u>, 498 U.S. 133, 139 (1990). Here, Plaintiff's state law claims seek payment under the Insurance Plans.  It is self-evident that such state law claims "relate to" and have a "connection with or reference to such a plan."  <u>Cf.</u> <u>Weisenberg v. Paul Rever Life Ins. Co.</u>, 887 F. Supp. 1529 (S.D. Fla. 1995).  Accordingly, those claims are also defensively preempted by ERISA.

### 3. Because the Court Must Dismiss the Claims Preempted by ERISA, the Court Has No Jurisdiction to Hear the Remaining Claims

As demonstrated above, Plaintiff's Complaint raised a federal question that gave this Court subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  Because a federal question existed, the Court could exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367.  Plaintiff's Complaint, however, is

---

[2]29 U.S.C. § 1144(a) provides as follows:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

preempted by ERISA to the extent the Complaint predicates claims on Insurance Plans sponsored by private employers.  Thus, the Court must dismiss those claims that implicate ERISA.

Because the case no longer presents a federal question, the Court will decline to exercise supplemental jurisdiction over the remaining state law claims based on Insurance Plans not covered by ERISA.  See Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088-89 (11th Cir. 2004) (encouraging "district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial").  Therefore, the Court will dismiss the Complaint in its entirety, allowing Plaintiff to re-file its ERISA claims.

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss [DE 9] is **GRANTED**.  Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.  Plaintiff may file an amended complaint by September 18, 2009.

2. Defendant's Motion to Strike Claim for Attorney's Fees [DE 8] is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida this 3rd day of September, 2009.

_____
JAMES I. COHN
United States District Judge

Copies provided to all counsel of record.